**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RILLA JEFFERSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:20-cv-02576-JPM-tmp |
| v. | ) ) | |
| GENERAL MOTORS, LLC, | ) ) | |
| Defendant. | ) ) | |

**ORDER MODIFYING THE COURT'S PRIOR ORDER REGARDING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

Before the Court is Defendant General Motors, LLC's ("GM" or "Defendant") Motion for Reconsideration, filed on May 25, 2023. (ECF No. 93.) The Court entered an Order Granting in Part Defendant's Motion for Summary Judgment and Granting Plaintiff's Motion for Class Certification on May 11, 2023. (ECF No. 90.) Defendant requests reconsideration of that portion of the Court's Order that addressed class certification. (See generally ECF No. 93.) Plaintiff Rilla Jefferson ("Plaintiff" or "Ms. Jefferson") filed a Response in Opposition on June 7, 2023. (ECF No. 98.) Defendant filed a Reply on June 11, 2023. (ECF No. 100.)

The Court modifies its Order as set forth below.

## I.   BACKGROUND

### A.   *Factual Background*

The Court set out the facts underlying Plaintiffs' Motion to for Class Certification and Defendant's Motion for Summary Judgment in the Order being reconsidered. (See ECF No. 90 at PageID 1379–83.)

### B. Procedural History

The Complaint in the instant case was filed in this Court on August 7, 2020.  (ECF No. 1.)
Defendant filed a Motion to Dismiss on October 29, 2020.  (ECF No. 15.)  The Court granted that
Motion in part, striking Plaintiff's request for punitive damages and dismissing her implied
warranty of merchantability claim.  (ECF No. 27.)  Defendant filed an Answer to Plaintiff's
Complaint on October 18, 2021.  (ECF No. 43.)

The Parties filed a Joint Motion to Stay the instant case on May 25, 2022.  (ECF No. 51.)
The Parties moved this Court to stay this case for 90 days, or until the resolution of the summary
judgment and class certification motions which was then outstanding in Napoli-Bosse v. Gen.
Motors, LLC, No. 18-cv-1720-MPS (D. Conn).  (Id. at PageID 390.)  The motions in Napoli-Bosse
were resolved on August 22, 2022.  See Napoli-Bosse v. Gen. Motors LLC, No. 3:18-CV-1720
(MPS), 2022 WL 3585769 (D. Conn. Aug. 22, 2022).  The Parties jointly moved the Court to lift
the stay in the instant case on September 14, 2022.  (ECF No. 54.)  The Court granted the Parties'
Joint Motion to Lift Stay on September 15, 2022.  (ECF No. 55.)

Plaintiff filed a Motion to Certify Class on November 2, 2022.  (ECF No. 62.)  Plaintiff's
Motion was filed with a Memorandum of Law (ECF No. 62-1), the Declaration of Sergei Lemberg
(ECF No. 62-2), and the Declaration of Joshua Markovitz.  (ECF No. 62-3.)  Plaintiff also filed 23
exhibits along with her Motion.  (ECF Nos. 67–74.)  Plaintiff additionally filed unredacted, sealed
copies of her Memorandum of Law and of Exhibit 1.  (ECF Nos. 63–64.)  Defendant filed a
Response on December 9, 2022.  (ECF No. 76.)  That Response was filed with the Declaration of
Joseph J. Orzano (ECF No. 76-1), excerpts from the deposition of Mike van Camp (ECF No. 76-
2), excerpts from the deposition of Steven W. Gornick (ECF No. 76-3), excerpts from the
deposition of Tom Burlingame (ECF No. 76-4), the Expert Report of Steven W. Gornick (ECF

No. 76-5), excerpts from the deposition of Rilla Jefferson (ECF No. 76-6), Ms. Jefferson's Repair Orders (ECF No. 76-7), excerpts from the deposition of Darren Manzari (ECF No. 76-8), and the Complaint in <u>Napoli-Bosse v. Gen. Motors, LLC</u>, No. 18-cv-1720-MPS (D. Conn).  (ECF No. 76-8.)  Plaintiff filed a Reply on January 10, 2023.  (ECF No. 80.)

Defendant filed a Motion for Summary Judgment on November 22, 2022.  (ECF No. 75.)  Defendant's Motion was filed with a Memorandum of Law in Support (ECF No. 75-1), a Statement of Undisputed Facts (ECF No. 75-2), the Declaration of Joseph J. Orzano (ECF No. 75-3), excerpts from the deposition of Rilla Jefferson (ECF No. 75-4), a redacted Buyer's Agreement and Bill of Sale (ECF No. 75-5), a copy of GM's New Vehicle Limited Warranty (ECF No. 75-6), Ms. Jefferson's Repair Orders (ECF No. 75-7), the Expert Report of Darren Manzari (ECF No. 75-8), excerpts from the deposition of Darren Manzari (ECF No. 75-9), Ms. Jefferson's Initial Disclosures (ECF No. 75-10), Ms. Jefferson's Supplemental Disclosures (ECF No. 75-11), and Ms. Jefferson's Responses to Defendant's Interrogatories.  (ECF No. 75-12.)  Plaintiff filed a Response on January 10, 2023.  (ECF No. 79.)  Plaintiff's Response was filed with a Response to Defendant's Statement of Undisputed Facts (ECF No. 79-1), the Declaration of Joshua Markovitz (ECF No. 79-2), an email to Plaintiff's counsel from Mike Hirnyk (ECF No. 79-3), excerpts from the deposition of Mike van Camp (ECF No. 79-4), excerpts from the deposition of Darren Manzari (ECF No. 79-5), and excerpts from the deposition of Rilla Jefferson (ECF No. 79-6).  Defendant filed a Reply on January 31, 2023.  (ECF No. 81.)  Defendant's Reply was filed with GM's Response to Plaintiff's Statement of Additional Facts.  (ECF No. 81-1.)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at

any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

> Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls [a court's] attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law.

Davie v. Mitchell, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003), aff'd, 547 F.3d 297 (6th Cir. 2008).

## III.    ANALYSIS

In the instant case, modification of the Court's prior Order Granting in Part Defendant's Motion for Summary Judgment and Granting Plaintiff's Motion for Class Certification (ECF No. 90) is appropriate.  Defendant moves the Court to reconsider its prior order as the class definition the Court crafted raised legal questions that Defendant "did not have the opportunity to raise and the Court has not had the opportunity to consider." (ECF No. 93-1 at PageID 1416.)  In Response, Plaintiff argues that the Court erred in its finding that Plaintiff had proposed a fail-safe class.  (ECF No. 96 at PageID 1447–50.)  Upon reconsideration, the Court made an error of law in determining that Plaintiff's proposed class was a fail-safe class.  (ECF No. 90 at PageID 1409.)

Plaintiff's initial proposed class definition was as follows:

> All persons or entities who (1) bought or leased a 2017-2018 GMC Acadia in Tennessee; (2) sought a repair from a GM dealer regarding the STP Issue (instances where the driver puts a 2017-2018 GMC Acadia vehicle in the Park position, the driver then tries to turn the ignition off, however a 'Shift to Park' message appears) during GM's 36 month/30,000 mile warranty period; and (3) were not provided with either a silicon-free replacement shifter assembly or silicon-free shifter control wire harness during the warranty period at no charge to the person or entity.

(ECF No. 62-1 at PageID 434.)

In its prior Order, the Court rejected Plaintiff's proposed class as a fail-safe class.  (ECF No. 90 at PageID 1409.)  A "fail-safe class" is one that "cannot be defined until the case is resolved on its merits" and is therefore impermissible.  Young v. Nationwide Mut. Ins. Co., 693 F.3d 532,

538 (citing <u>Randleman v. Fidelity Nat'l Title Ins. Co.</u>, 646 F.3d 347, 352 (6th Cir. 2011)).  "Such a result is prohibited in large part because it would fail to provide the final resolution of the claims of all class members that is envisioned in class action litigation."  <u>Id.</u>  The Court stated that "If Plaintiff is 'unsuccessful in meeting [her] burden of proof,' regarding her proposed class, 'the class does not exist and the class is not bound by the judgment in favor of the Defendant.'"  (ECF No. 90 at PageID 1409–10 (quoting <u>Sauter v. CVS Pharmacy, Inc.</u>, No. 2:13-CV-846, 2014 WL 1814076, at *9 (S.D. Ohio May 7, 2014)).)  This was not correct.

Plaintiff's proposed class is not a fail-safe class because all facts that must be determined to establish membership in Plaintiff's proposed class can be objectively determined without any decision on the merits of her case.  <u>See</u> <u>Rikos v. Procter & Gamble Co.</u>, 799 F.3d 497, 525 (6th Cir. 2015).  First, whether an individual bought or leased a 2017-2018 GMC Acadia in Tennessee is an objective characteristic.  Second, whether an individual sought a repair from a GM dealer regarding the shift to park ("STP") defect is an objective fact that can be determined using Defendant's records.  (<u>See</u> ECF No. 96 at PageID 1449 n.11 (noting that Defendant provided such information to Plaintiff in discovery.))  Finally, whether an owner or lessee received a silicon-free shifter repair or replacement is an objective criterion that can be determined using Defendant's records.

Plaintiff's proposed class isolates an impacted population that will, in fact, be bound by the judgment of the Court following a merits determination of the issues in the instant case.  Furthermore, "class members [will be required] to prove more facts to establish liability than are referenced in the class definition."  <u>Melgar v. CSK Auto, Inc.</u>, 681 F. App'x 605, 607 (9th Cir. 2017).  Such facts as will be required to prove liability include whether there was a defect and whether Defendant's alleged failure to repair that defect or replace parts free of charge constituted

a breach of warranty.  Plaintiff therefore proposed a proper, not a fail-safe, class.  Pursuant to its prior Order, the Court will adopt Plaintiff's proposed class as limited to initial purchasers and lessees.

Defendant's Motion for Reconsideration requests that the Court reconsider the class definition that it crafted in its Order Granting in Part Defendant's Motion for Summary Judgment and Granting Plaintiff's Motion for Class Certification (ECF No. 90).  (See generally ECF No. 93-1.)  Defendant does not seek reconsideration of the Court's findings regarding Rule 23.  (See generally Id.)  In modifying its prior Order, the Court no longer adopts a "new" class definition, instead adopting the class definition that Defendant has already opposed and briefed.  (See generally ECF No. 76.)  The Court's prior Order therefore stands, excepting the portions that address the fail-safe class question and the class definition itself, which are modified by the instant Order.

## IV.     CONCLUSION

The Court modifies its prior Order Granting in Part Defendant's Motion for Summary Judgment and Granting Plaintiff's Motion for Class Certification (ECF No. 90) for the reasons set forth above, and in the fashion set forth above.  The class definition is as follows: (1) Initial purchasers and lessees of new 'class vehicles,' 2017-18 GMC Acadias, who purchased or leased their vehicles in Tennessee; and who (2) sought a repair from a GM dealer regarding the STP Issue during the warranty period; and who (3) were not provided with either a silicon-free replacement shifter assembly or silicon-free shifter control wire harness at no charge.

**SO ORDERED**, this 31st day of August, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE