IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RILLA JEFFERSON, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>*Defendant.* | Case No. 2:20-cv-02576-JPM-tmp |
| MARK RILEY, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>*Defendant.* | Case No. 2:24-cv-02982-JPM |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS**

Before the Court is an Unopposed Motion for an Award of Attorney's Fees and Expenses and Service Awards to the Plaintiffs, filed by Plaintiffs Rilla Jefferson ("Jefferson") and Mark Riley ("Riley"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs" or the "Class") on June 20, 2025. (ECF No. 206.) Plaintiffs report Defendant General Motors LLC ("Defendant" or "GM") does not oppose the Motion to the extent it does not contradict the Parties' Settlement Agreement. (Id. at PageID 2905.) Defendant has not filed any response to the Motion.

For the reasons stated below, Plaintiffs' Motion is **GRANTED**.

**I.      BACKGROUND**

These cases constitute a consolidated class action against GM regarding allegedly defective transmission shifter assemblies in specified Class Vehicles for the two certified classes. Class Counsel has litigated the shift-to-park issue (the "STP Issue") for over six years across multiple jurisdictions and courts. (See ECF No. 206-1 at PageID 2914.)

The Settlement Agreement provides for $500 cash payments to each Class Member. (Id.) There are 5,213 Class Members identified in GM's Warranty Data with confirmed ownership of a Class Vehicle. (Id.) Class Members who paid out of pocket for repairs for the STP Issue can receive an additional reimbursement of up to $375. (Id. at PageID 2915.) The payments are either automatic or subject to a straightforward claim process based on the Class Member's identifiability from the relevant GM dataset. (Id. at PageID 2914–15.) At the time of the filing of the Motion, the Class Administrator had received 3,551 claims. (See id. at PageID 2915.) There is no cap on the number of Class Members who can recover nor is the claim sum diluted by the number of claims. (Id.)

GM agrees to pay the Court-authorized awards "separate and apart from payments" to Plaintiffs. (Id. at PageID 2924.) Additionally, GM is paying the cost of the notice and administration of the claims process. (Id. at PageID 2923.)

**II.     LEGAL STANDARD**

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "The primary concern . . . is that the fee awarded be reasonable." Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999). "When awarding attorney's fees in a class action, [the] court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." Rawlings

2

v. Prudential-Bache Props., Inc., 9 F.3d 513, 516 (6th Cir. 1993).  The court must provide "a reasonably specific explanation for all aspects of a fee determination." Freed v. Thomas, 137 F.4th 552, 560 (6th Cir. 2025) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 558 (2010)).

"To properly calculate an attorneys' fee award, the district court must start by multiplying the 'hours reasonably expended' by 'a reasonable hourly rate.'" Freed, 137 F.4th at 557 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). This "lodestar" figure presumptively represents a reasonable fee.  See id. at 560 (citing Murphy v. Smith, 583 U.S. 220, 227 (2018)).  Generally, the reasonableness of the rates corresponds to the prevailing rates in the relevant community, focuses on the experience, training, and background of the individual attorneys, and is "defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004) (citations omitted).

Prior to any award of fees, "a district court must conclude that the fee applicant has sufficiently documented his time and hourly rate." Keener v. Dep't of Army, 136 F.R.D. 140, 146 (M.D. Tenn. 1991).  The proof submitted "must be detailed enough for a district court to determine with a high degree of certainty that the time claimed was actually and reasonably spent." Id. at 147.

### III. ANALYSIS

Defendant does not oppose Plaintiffs' Motion.  (See ECF No. 206 at PageID 2905.) Therefore, the Court need only determine that the requested awards are reasonable and sufficiently supported by documentation provided by Plaintiffs.  See Reed, 179 F.3d at 471; Keener, 136 F.R.D. at 146–47.

3

A.   **Attorney's Fees and Expenses**

Plaintiffs seek $2,035,000 in attorney's fees and expenses for their Class Counsel. (ECF No. 206 at PageID 2905.)

i.   Attorney's Fees

To determine the reasonableness of an award, courts often consider:

> (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

See Moulton v. U.S. Steel Corp., 581 F.3d 344, 352 (6th Cir. 2009) (quoting Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir. 1996)). The Court finds that all the factors support the requested award. See id.

First, the result obtained on behalf of Plaintiffs is substantial in the aggregate and guarantees cash payments for Plaintiffs without the additional expense and risk associated with proceeding to trial. (ECF No. 206-1 at PageID 2914–15); see id. at 352. The fee award structure also does not impact fee recovery. (ECF No. 206-1 at PageID 2924.)

Second, the award reflects the reasonable value of Class Counsel's services in this matter. See Moulton, 581 F.3d at 352; Rawlings, 9 F.3d at 516. Class Counsel reports 2,283.6 attorney and professional staff hours for extensive and multifaceted litigation efforts for more than six years. (ECF No. 206-1 at PageID 2925.) Plaintiffs provide sufficient evidence to confirm the number and reasonableness of the hours claimed. (See Lemberg Decl.; Screen Decl.; Lafferty Decl.); Keener, 136 F.R.D. at 146–47. Class Counsel's requested hourly rates, (see ECF No. 206-

4

1 at PageID 2927),[1] fall within the prevailing market rates for attorneys of comparable experience in complex class action litigation, see, e.g., Robles v. Comtrak Logistics, Inc., No. 2:15-cv-02228, 2022 WL 17672639, at *11 (W.D. Tenn. Dec. 14, 2022) (finding counsel's fee request reasonable where hourly rates ranged between $625 and $1200), and have been found reasonable by other courts, see, e.g., Guthrie v. Mazda Motor of Am., Inc., No. 8:22-cv-01055 (C.D. Cal.) (ECF Nos. 121-1 & 167) (awarding attorney's fees and expenses in automotive defect class action settlement where hourly rates for Lemberg Law attorneys were between $550 and $900). Class Counsel's requested multiplier of 1.35 also falls within the range of lodestar multipliers applied in contingent fee cases. See Jones v. Varsity Brands, LLC, No. 2:20-cv-02892, 2024 WL 5010412, at *9 (W.D. Tenn. Dec. 6. 2024) (collecting cases). The requested award also reflects the continued work Class Counsel will undertake in resolving the claims process. (See ECF No. 206-1 at PageID 2926, 2929.)

Third, Class Counsel undertook representation of Plaintiffs on a contingent fee basis, undergoing extensive litigation efforts in multiple courts for over six years while bearing the risk of no recovery for those efforts. (Id. at PageID 2929–30); see Moulton, 581 F.3d at 352. Fourth, awarding Class Counsel the requested amount incentivizes pursuing relief for small claimants in multi-year litigations against major corporations like GM. See Moulton, 581 F.3d at 352. Fifth, the negotiated settlement resolves a multi-year, multi-state litigation with complex substantive and procedural issues and avoids the unnecessary expense of time and resources in further litigation. See id. Sixth, both Plaintiffs' and Defendant's counsel have significant experience litigating class

---

[1] Specifically, Class Counsel seeks hourly rates of $800–$900 for partners, $550 for associates, $400–$600 for co-counsel, and $225 for paralegals. (Lemberg Decl. ¶¶ 1–8, 46; Taylor Decl. ¶¶ 1–5; Markovits Decl. ¶¶ 1–7; Screen Decl. ¶¶ 7–8; Lafferty Decl. ¶¶ 1–5.)

actions and showcased vigorous advocacy in these cases and the settlement thereof. (See ECF No. 206-1 at PageID 2931–32.)

The Court finds there is no need to make additional adjustments to Plaintiffs' requested attorney's fees. First, as reflected above, the requested attorney's fees are reasonable and fairly compensate Class Counsel "for the work done as well as for the results achieved." See Rawlings, 9 F.3d at 516; see also Reed, 179 F.3d at 471. Second, the Parties agree on the amount of attorney's fees pursuant to the Settlement Agreement. (See ECF No. 206 at PageID 2905.) The Court thus finds Class Counsel should be awarded the requested attorney's fees.

        ii.    Expenses

The requested $2,035,000 award to Class Counsel also includes the requested reimbursement of $47,206.88 in out-of-pocket litigation expenses. (ECF No. 206-1 at PageID 2932.) Plaintiffs provide sufficient documentation proving the amount of the expenses borne by the Class Counsel and that the expenses were reasonably necessary to prosecute these actions. (Id. (citing Lemberg Decl. ¶¶ 48–51; Screen Decl. ¶¶ 10–11); see also ECF No. 206-2 at PageID 2951–52 (Lemberg Decl. Ex. A).) Accordingly, the Court finds Plaintiffs should be awarded their requested expenses.

    **B.**    **Service Awards to Named Plaintiffs**

Plaintiffs also seek a service award of $10,000 each for Jefferson and Riley as the named plaintiffs. (ECF No. 206-1 at PageID 2932–33.) Jefferson and Riley have been involved with and supported the litigation efforts in these cases for over six years. (Id. at PageID 2933.) Additionally, the requested awards are consistent with others authorized by courts in the Sixth Circuit. See, e.g., Davis v. Magna Int'l of Am. Inc., No. 20-11060, 2025 WL 732300, at *4 (E.D.

Mich. Jan. 27, 2025) (collecting cases). Accordingly, the Court finds the requested service awards are reasonable and should be awarded to Jefferson and Riley.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**. It is hereby **ORDERED**:

1. The Court awards attorney's fees and expenses in the amount of $2,035,000 to Plaintiffs' Class Counsel.

2. The Court approves service awards in the amount of $10,000 each to Plaintiffs Jefferson and Riley.

**SO ORDERED**, this 19th day of August, 2025,

                                        */s/ Jon P. McCalla*
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE