# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RILLA JEFFERSON, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>*Defendant.* | No. 2:20-cv-02576 |
| MARK RILEY, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>*Defendant.* | No. 2:24-cv-02982 |

## FINAL APPROVAL ORDER AND JUDGMENT

The proposed class action settlement in this matter came before the Court for a Final Fairness Hearing on August 22, 2025. Notice of the Final Approval Hearing was duly given pursuant to the Court's order granting preliminary approval of the class action settlement (the "Preliminary Approval Order"), (ECF No. 201). (<u>See</u> ECF No. 208-2 at PageID 2999–3000.) The Court having considered all matters submitted to it at the Final Fairness Hearing and otherwise on the record, and finding no just reason for delay in entry of this Final Judgment and good cause appearing, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Settlement Agreement and Release, including its exhibits, fully executed on February 14, 2025, and modified on May 5, 2025 ("Agreement"), and the definitions contained

therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order, (ECF No. 201), are also incorporated by reference in this Order.

2. The Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and jurisdiction over the subject matter and parties to this proceeding pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453(b).

3. Venue is proper in this District.

4. The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Defendant, and Defendant's Counsel, on the other hand.

5. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Agreement and this Court's Preliminary Approval Order.

6. The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and any other applicable law and constitute the best notice practicable under the circumstances. The Notice Program constituted notice that was reasonably calculated under the circumstances to apprise the Class Members of the pendency of the Actions, of their right to object or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Fairness Hearing and of the right to seek relief. The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and therefore the Class Notice provided constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice. The Notice Program

supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

7.   This Court hereby finds and concludes that the notice provided by the Claim Administrator pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

8.   The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and that the Settlement is consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties. The Court accordingly directs the Parties and their counsel to implement and consummate the Agreement in accordance with its terms and conditions. The Plaintiffs, in their roles as Class Representatives, and Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the Agreement. Accordingly, the Agreement (and its exhibits, including without limitation, the Claim Form that was distributed to the Class Members) is hereby finally approved in all respects, and the Parties are hereby directed to fully perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

9.   The Court grants Class Counsel's motion for an award of attorneys' fees and expenses and approves payment in the amount of $2,035,000. The award of attorneys' fees and expenses is to be paid directly by Defendant.

10.  The Court finds the payment of service awards in the amount of $10,000 to each named Plaintiff to be fair and reasonable. The incentive awards are to be paid directly by Defendant.

3

11. This Court hereby dismisses the Actions on the merits and with prejudice and without fees or costs to any party, except as expressly provided for in the Agreement and in Paragraphs 9 and 10 above.

12. The Claims Administrator is directed to administer claims and consideration to the Settlement Class pursuant to the terms of the Agreement.

13. Plaintiffs and each and every one of the Settlement Class Members have unconditionally, conclusively, fully, and finally compromised, settled, dismissed, released and forever discharge GM and the Released Parties from the Released Claims as provided for in the Agreement. In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code (and any other similar, comparable, or equivalent laws) are hereby terminated.

14. Upon the Effective Date, Plaintiffs and all Settlement Class Members shall be barred from asserting any Released Claims against GM or any Released Parties, and any such Settlement Class Members shall have released any and all Released Claims as against GM and all Released Parties.

15. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from (1) filing, commencing, instituting, continuing, pursuing, maintaining, prosecuting, enforcing, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceedings in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Actions or the Released Claims and/or (2) organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other

proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Actions or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

16. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, and any proceedings taken thereto, are not and should not in any event be offered or received as evidence, a presumption, a concession, an acknowledgement, or an admission of liability of any misrepresentation or omission in any statement or written document approved or made by GM or any Released Parties or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference maybe made to this Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Agreement.

17. The Court approves the Opt-Out List and determines that no Persons timely requested exclusion from the Settlement Class.

18. By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

19. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and each and every Settlement Class Member. The Settlement Agreement and the Final Order and Judgment are binding on and shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings

encompassed by the Releases maintained by or on behalf of Plaintiffs and all other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors and assigns. The Clerk of the Court is directed to enter this Order on the docket forthwith.

20. Without further order of the Court, the Parties may agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as (1) shall be consistent in all material respects with this Order and the resulting Judgment and (2) do not limit the rights of the Parties or Settlement Class Members, including any reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

21. Without affecting finality for purposes of appeal, the Court reserves jurisdiction over the Settlement Administrator, Plaintiffs, Class Counsel and each member of the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Agreement and Final Order and Judgment and for any other necessary purposes, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

**SO ORDERED**, this 22nd day of August, 2025.

        */s/ Jon P. McCalla*
        JON P. McCALLA
        UNITED STATES DISTRICT JUDGE